Sharon and Arthur **MERRIFIELD**, individually and on behalf of Cheryl Merrifield, as parents and legal guardians, and Cheryl Merrifield, individually, Plaintiffs,

v.

**LAKE CENTRAL SCHOOL CORPORATION,** West Lake Special Education Cooperative, and Indiana Department of Education, Defendants.

Civ. No. H 88–86.

United States District Court, N.D. Indiana, Hammond Division.

July 26, 1991.

---

Milo G. Gray, Jr. and Dana L. Long, Indiana Advocacy Services, Indianapolis, Ind., for plaintiffs.

Steven R. Crist, Singleton, Levy and Crist, Munster, Ind. and David Michael Wallman, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## ORDER

MOODY, District Judge.

This matter is before the court on defendant Indiana Department of Education's Suggestion of Mootness, filed December 13, 1990. Plaintiffs responded on January 25, 1991, and defendant filed a Supplement on Suggestion of Mootness on February 6, 1991. Defendant argues that this case is moot, because plaintiff Cheryl Merrifield ("Cheryl") is of an age beyond the maximum statutory age allowed for a handicapped child to receive free, special education services from the state of Indiana.

Cheryl's birth date is June 2, 1968, and, therefore, at this time, plaintiff is twenty-three years of age. Under Indiana law, a handicapped child is entitled to free education until and including the child's eighteenth year. 511 I.A.C. 7–2–1 and 511 I.A.C. 7–2–1(b). Under federal law, the maximum age at which a handicapped child can receive free appropriate education is twenty-one (21). Education for All Handicapped Children Act ("EAHCA"), 20 U.S.C. § 1412(2)(B).

Plaintiffs respond that the fact that Cheryl Merrifield is beyond the mandatory age limit under both Indiana law and the EAHCA does not moot this case. Plaintiffs argue that they are seeking compensatory damages for the inappropriate education provided Cheryl in the past, and that compensatory damages may be an available remedy even beyond the age of twenty-one (21). For the following reasons, the court HOLDS that this case is moot.

## I. The Posture of the Case

Pursuant to 20 U.S.C. § 1415(e)(2), plaintiffs seek judicial review of the decision of the Indiana Board of Special Education Appeals to terminate Cheryl's placement at the Lt. Joseph P. Kennedy School and to not reimburse plaintiffs for educational expenses. Cheryl, as a handicapped child, was placed in a special education program pursuant to 511 IAC 7–1–2(A). In 1987, the Kennedy School notified plaintiffs that the renewal application for Cheryl's continued private placement was being denied by defendant, because Cheryl had reached the age of nineteen (19). Under Indiana regulation 511 IAC 7–2–1(b), state financed private educational placements for handicapped children terminate when the handicapped child reaches the age of nineteen (19). 511 IAC 7–2–1(b).

Plaintiffs requested an administrative hearing challenging the termination of Cheryl's current placement. The Hearing Officer held a hearing on two issues: the Indiana Department of Education's denial of a one year extension of Cheryl's current placement and plaintiff's request for reimbursement for educational expenses incurred while Cheryl was placed at Children's Memorial Hospital, Chicago, Illinois. The Hearing Officer specifically limited the hearing to these two issues; he did not review or render a decision on plaintiffs' third claim for compensatory damages with regards to the allegedly inadequate education Cheryl received during her previous placements in the years 1981 and 1982. The Hearing Officer declined to review plaintiffs' claim for compensatory damages, because he determined that plaintiffs were not entitled to complain about past educational services, and that there was insufficient evidence to support the claim of inadequate services.

On August 21, 1987, the Hearing Officer denied both of plaintiffs' claims. The Hearing Officer found that the Department of Education correctly terminated Cheryl's placement, given that Cheryl had reached the statutory age limit under 511 IAC 7–2–1(b). The Hearing Officer also found that the state did not have to reimburse plaintiffs for educational expenses, because the local educational agency had made good faith efforts to place Cheryl, and plaintiffs had unilaterally placed Cheryl in the hospital, without notifying the local educational agency or school. On January 18, 1988, the Indiana Board of Special Education Appeals affirmed the Hearing Officer's decision, including his decision not to review plaintiffs' compensatory damages claim.

## II. The Issue of Mootness

There are two reasons why this case is now moot. First, Cheryl has reached the maximum age allowed under both Indiana and federal law. Therefore, the issues presented are no longer "live", and the case is moot. Second, plaintiffs cannot avoid the statutory age limit by seeking compensatory damages, because neither the Hearing Officer nor the Board of Special Education Appeals reviewed the issue of compensatory damages, and, without a decision below, this court has no authority to rule on the issue.

■ A controversy must exist at every stage of the proceedings, including the appellate stages. *United States v. Munsingwear*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). A case must be dismissed

as moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969); *Timms v. Metro. Sch. Dist. of Wabash County, Ind.*, 722 F.2d 1310, 1314 (7th Cir.1983). Once a case is moot, the federal court lacks jurisdiction to decide the case, "because [the court's] constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373, 374–75, 78 L.Ed.2d 58 (1983).

■ Exceptions do exist to the mootness doctrine. One exception is for class actions, where a controversy still exists between a named defendant and a member of a class represented by the named plaintiff, even though the claim of the named plaintiff has become moot. *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Another exception exists for actions which are "capable of repetition yet evading review." Under these circumstances, a case is not moot if there is a reasonable expectation or probability that "the same controversy will recur involving the *same* complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam) (emphasis added). Finally, a federal court may hear a case, in which the original relief requested has become moot, if collateral issues will impact one of the parties. *See e.g., Powell v. McCormack*, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

■ This case is moot for the following reasons. As of September 1, 1980, a state must provide free appropriate public education to handicapped children between the ages of three (3) and twenty-one (21), "except that, with respect to handicapped children aged three (3) to five (5) and aged eighteen (18) to twenty-one (21), inclusive, the requirements of this clause shall not be applied in any State if the application of such requirements would be inconsistent with State law or practice, or the order of any court, respecting public education within such age groups." 20 U.S.C. § 1412(2)(B). The regulations promulgated under the EAHCA clarify what is meant by the above-quoted exception to the general requirements of § 1412(2)(B). The regulations state that, if a public agency provides free education to any non-handicapped children in these age groups [3–5 and 18–21], then it must provide free appropriate education to a proportionate number of handicapped children of the same age. 34 C.F.R. 300.300(b)(2).

Indiana requires free education for handicapped children up to the age of eighteen, inclusive. 511 IAC 7–2–1(b). Yet the state does not run afoul of the EAHCA, because, eighteen is also the age limit for non-handicapped, public school children. See IC § 20–8.1–3–2, *and Timms v. Metro. Sch. Dist. of Wabash County, Ind.*, 722 F.2d 1310, 1314 (7th Cir.1983). Therefore, the EAHCA does not require the state of Indiana to provide free appropriate education to its handicapped children aged eighteen through twenty-one. 20 U.S.C. § 1412(2)(B).

Since 1973, Cheryl has been placed in special education programs pursuant to 511 IAC 7–1–2. Yet, on June 2, 1987, Cheryl turned nineteen, at which time she was too old to receive any more free education from the state of Indiana. Therefore, Cheryl's case is moot for lack of a live controversy. Cheryl's case is moot, even if plaintiffs are able to show that, in practice, the state of Indiana offers non-handicapped children free education passed the age of eighteen, and, therefore, that, pursuant to 20 U.S.C. § 1412(2)(B), Indiana is required to provide a proportionate number of handicapped children in that same age group with free appropriate education. Under the EAHCA, no state is required to provide handicapped children over the age of twenty-one with free appropriate education. 20 U.S.C. § 1412(2)(B). Cheryl is now twenty-three. Therefore, Indiana is under no obligation to provide Cheryl with continued special education services. Thus, plaintiffs no longer have a legitimate claim under either federal or state law.

Furthermore, plaintiffs' case does not fall within an exception to the mootness doctrine. First, plaintiffs' claim does not

fall within a certified class. Second, there is not a reasonable likelihood that the issues of Cheryl's placement and future educational expenses will be the basis of a continuing controversy between plaintiffs and defendants. *Central Sova Co. v. Consolidated Rail Corp.*, 614 F.2d 684, 687 (7th Cir.1980). Cheryl will never again be under the age of eighteen, so the state of Indiana will never again be under an obligation to provide Cheryl with free appropriate education. Therefore, this is not a case that is "capable of repetition yet evading review." Finally, there are no collateral issues that might impact one of the parties. Thus, the court finds that Cheryl has reached the statutory age limit under Indiana law, and, the court HOLDS that plaintiffs' claim is now moot.

■ Plaintiffs' claim for compensatory damages does not disturb the court's holding, because the court has no jurisdiction to rule on the issue of compensatory damages. Only decisions made in a hearing conducted by the state or local educational agency are final and reviewable by a district court. 20 U.S.C. § 1415(e)(1) and (4). The Hearing Officer determined that he would not make a decision on the issue of compensatory damages, and the Board of Special Education Appeals affirmed the Hearing Officer's decision. Therefore, there is no final decision on the issue of compensatory damages in the administrative record, and the court cannot review the issue. Thus, the court does not reach the issue of whether plaintiffs' claim for compensatory damages is permissible given that Cheryl is beyond the age of either eighteen or twenty-one.

Therefore, this case is now moot, and the court DIRECTS the clerk of the court to DISMISS this action.