**NADINE JONES, et al., Plaintiffs**

**v.**

**HONORABLE ROY SCHNEIDER, GOVERNOR OF THE VIRGIN ISLANDS, ET AL., Defendants**

Civil No. 1984-47

District Court of the Virgin Islands

Div. of St. Croix

August 8, 1995

SARAH WEYLER, ESQ., St. Croix, (Legal Services of the Virgin Islands), *for the Plaintiffs*

ROBERT BORNHOLT, ESQ., (Office of the Attorney General), St. Thomas, U.S.V.I., *the Defendants*

MOORE, *Chief Judge*

### OPINION: MEMORANDUM

This matter is before the court on defendants' motion to close the class of plaintiffs by declaring that the Department of Education has fulfilled its responsibility and is no longer legally responsible for services to the subject individuals. For the reasons set forth below, the motion to close the class shall be denied.

### I. Facts and Procedure

This action was filed on February 8, 1984 by a plaintiff class of handicapped minor children on Saint Croix, asserting their rights to a free and appropriate public education pursuant to the Educa-

tion of the Handicapped Act, now known as the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-85 (1989). By terms of this statute, the duty of the Government of the Virgin Islands ("Government") to provide education to handicapped persons remains a precondition to the Government's eligibility for federal assistance under 20 U.S.C. § 1411(e) in any fiscal year.

On March 30, 1984, this Court certified a class consisting of all handicapped students in the Virgin Islands who have Independent Education Program statements ("I.E.P.'s') and are not receiving the services required to be provided under those I.E.P.'s. *See*, 20 U.S.C. § 1401(a)(19). By the terms of this certification, the Court created a mechanism for all persons who were not receiving the services listed in their I.E.P.'s to seek prompt judicial relief. The Court envisioned, in certifying the instant class, an ongoing judicial mechanism for then-existing and future handicapped persons to ensure that the Government would provide the services outlined in the I.E.P.'s. In the years which have passed since the class was certified, members of the class have petitioned for compliance hearings on numerous occasions to address the Government's failures to attend to their needs.

On March 15, 1995, the Government submitted the instant motion to close the class, claiming that the Department of Education has fulfilled its responsibility and is no longer legally required to supply services to the class plaintiffs since three named members of the class have reached the age of twenty-one.

## II. Discussion

Once again, counsel for the Government of the Virgin Islands has submitted a brief which utterly fails to offer substantial argument in support of the relief it requests.[1] Once again, the Government's failure to acknowledge relevant and controlling authority, its distortion of the record, and lack of candor with the Court amount to sanctionable conduct.

---

[1] As happens now with disturbing regularity, the Government's motion and brief contain ambiguous or erroneous statutory citation. *See, e.g.*, Def's Mot. to Close Class (citing to "20 U.S.C. 1402 (a) (19)(20)(D) (transitional responsibilities of public agencies)"). The Court assumes in this instance that the Government wishes to cite 20 U.S.C. § 1401 (a)(19), (20)(D).

In its motion to close the class of Plaintiffs, the Government offers the following two arguments:

1) [s]ubsequent to the establishment of the class action, Plaintiffs and others "similarly situated" have sought standing in Court without the scrutiny of a hearing to determine their eligibility; and

2) the original Plaintiffs identified in this cause have been provided services and are now beyond the compulsory age ....

Def's Mot. to Close Class, at 1. From these two allegations, the Government somehow arrives at the conclusion that the plaintiff class must now be closed.

The Government offers no support for the first of its allegations. Nor have they argued its ramifications. The Court is at a loss to imagine the exact contours of the Government's complaint insofar as the instant class certification allows similarly situated plaintiffs to seek standing before the Court through the mechanism of a compliance hearing. If the relief-seeking plaintiff has no I.E.P., or if she cannot point to a failure of the Government to provide services outlined in that I.E.P., she will not obtain relief. The Government's unadorned assertion that similarly situated plaintiffs seek relief in the Court without virtue of a hearing regarding their eligibility is at best incomprehensible.

■ En route to its conclusion that the plaintiff class must now be closed, the Government argues that there is no authority under 20 U.S.C. § 1412 which grants free education to handicapped persons beyond the age of twenty-one. This Court has previously considered this very issue and arrived at the opposite conclusion. The Government so thoroughly distorts the law of the case in this regard that the Court can only conclude that the distortions are intentional and the result of bad faith. In an effort to revive the conclusions of the Special Master announced in Magistrate Judge Barnard's "Memorandum and Order" of January 24, 1990, the Government ignores the Opinion and Memorandum of Judge Stanley S. Brotman, entered June 12, 1991, which unequivocally ruled that compensatory education is appropriate for those over the age of twenty-one who were denied services outlined in their

I.E.P.'s.[2] The Government's failure to mention that the relevant legal conclusion of the Special Master was explicitly rejected by this Court was not cured even after it had been reminded of this critical omission when it received the plaintiff's opposition to the instant motion, filed on April 18, 1995.[3]

Even if the Government had not ignored the law of the case, this Court's decision finds firm support in established precedent, whose holdings the Government also thought fit to ignore. The Supreme Court has given district courts broad discretion to fashion equitable relief under the IDEA. *Burlington School Comm. v. Mass. Dept. of Ed.,* 471 U.S. 359, 369, 85 L. Ed. 2d 385, 105 S. Ct. 1996 (1985). Congress passed the IDEA to ensure that all handicapped children would receive free public education as well as related services designed to meet their unique needs. 20 U.S.C. § 1400(c). The courts, in order to uphold the intentions of Congress, have granted compensatory education for the time period that a school system fails to provide special education services as required. *See, e.g., Miener By and Through Miener v. State of Missouri,* 800 F.2d 749 (8th Cir. 1986); *Jefferson County Bd. of Educ. v. Breen,* 853 F.2d 853 (11th Cir. 1988). The United States Court of Appeals for the Third Circuit has also affirmed an award of compensatory education beyond the age of twenty-one as appropriate relief under IDEA, finding that Congress empowered the courts to grant compensa-

---

[2] Although Judge Brotman's Order dealt with the objections of only two class members, the court clearly did not intend to limit its legal application to those individuals. Instead, the court intended that individual class members would petition the court for appropriate relief through the mechanism of the compliance hearing. Judge Brotman's Order unequivocally establishes that compensatory education for members of the class who have reached the age of 21 without having been provided the services outlined in their I.E.P.'s is **legally** permissible and appropriate.

[3] The Advisory Committee Notes to the 1993 amendments to FED. R. CIV. P. 11 state that "a litigant's obligations with respect to the content of ... papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions ... after learning that they cease to have any merit." While Professors Wright and Miller opine that the recent amendments to Rule 11 "create something in the nature of a continuing duty to monitor the content of signed documents submitted to the court," we need not rely on such a duty to initiate Rule 11 sanctions in this instance, where the government is under a general duty to be aware of the law of the case. *See* CHARLES WRIGHT, ARTHUR MILLER, 5A FEDERAL PRACTICE AND PROCEDURE § 1335 (1995 Supp.). We do note that the Government did appear before the Court on May 23, 1995, seeking the Court's approval of a stipulation related to its motion to close the class without making any effort to withdraw or modify the allegations of its motion.

tory remedies to cure the deprivation of a child's right to a free and appropriate public education. *Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, reh'g and reh'g en banc denied (3d Cir. 1990).

The Government made absolutely no effort to address the law of the case, even after this omission was brought to its attention. Nor did the Government attempt to argue its way around the controlling, adverse authority cited in its own brief. Instead, the Government relied on a wholly inapposite Indiana case as well as an opinion, issued by the Supreme Court of Nebraska in 1983, which clearly has been superseded by recent federal decisions, including the United States Court of Appeals for the Third Circuit's opinion in Lester H., not to mention the law of this case.[4]

█ Moreover, the Government's two allegations, if taken as true, do not begin to support the conclusion that the plaintiff class must be closed. Whether a hearing to determine eligibility is required for potential class members has no bearing at all on the continued viability of the class certification. The Government fails to demonstrate any error in the class certification and mentions no authority to suggest that the class must be limited to named members or persons in existence at the time of certification. Accordingly, the fact that the three named class members may have reached the age of twenty-one, or may have already been provided with compensatory education, has no bearing upon whether the class should now be closed. The Government apparently ignores, or fails to understand, the purpose of class certification. As noted above, this Court clearly intended, in certifying the instant class, to create an ongoing mechanism to rectify the Government's failures to perform its commitments outlined in individual class members' I.E.P's. With no coherent argument to the contrary having been presented, the Court sees no reason to revisit this decision.

The Government's persistence in its position is even more appalling and outrageous in the face of plaintiffs' claim that the Government continues to deprive one named plaintiff and other

---

[4] The cases relied upon by the Government are: *Merrifield v. Lake Central School Corp.*, 770 F. Supp. 468 (N.D. Ind. 1991); *Adams Central School District No. 090, Adams County v. Deist*, 334 N.W.2d 775, 214 Neb. 307, *cert. denied*, 464 U.S. 893, 78 L. Ed. 2d 230, 104 S. Ct. 239 (1983).

class members of required services. Plaintiffs have submitted affidavits stating that the Government has failed to provide a physical therapist or occupational therapist for the district of St. Thomas and St. John and a speech therapist for the Juanita Gardine School on St. Croix. Plaintiffs also allege that the Government is not providing transportation services as required. As the Government has neither rebutted nor explained these allegations, the Court will order that a compliance hearing be held at the same time as the Government will be ordered to show cause why it should not be sanctioned for its conduct in filing this frivolous, unsupported, and disingenuous motion.

### III. Conclusion

The Government fails to offer any persuasive argument why this Court's prior decision regarding compensatory education should be reconsidered. Nor does the Government cite any authority to support its motion to close the plaintiff class. Instead, the Government has overlooked the law of the case, ignored the adverse precedent, and scorned its duties to practice in good faith before this Court.

Accordingly, the Government's motion will be denied and the Court will order the Government to appear and show cause why it and its counsel should not be sanctioned. Out of a concern over the declining standards of motion practice on behalf of government attorneys, the Court kindly requests the presence of the Acting Attorney General, the Honorable Alva A. Swan, and the recently nominated candidate for the Office of the Attorney General, Attorney Julio A. Brady, at the sanctions hearing scheduled below. The Court will also schedule separate compliance hearings to address all outstanding allegations of noncompliance in each division of the Court. An order to this effect is attached.

ENTERED this 8th day of August, 1995.

### ORDER

For the reasons set forth in the attached Memorandum, it is hereby

ORDERED that the Government's motion to close the class of plaintiffs is DENIED. It is also

396

ORDERED that Government of the Virgin Islands shall appear before the Court in Christiansted, on August 31, 1995 at 9:00 a.m., to show cause why the Government and its individual attorneys should not be sanctioned for filing the instant misleading, unsupported, and frivolous motion. It is also

ORDERED that a compliance hearing be, and is hereby, scheduled for August 31, 1995, before Magistrate Judge Geoffrey Barnard immediately following the sanctions hearing, for the purpose of addressing all outstanding allegations of Government noncompliance in the Division of St. Croix.

ENTERED this 8th day of August, 1995.