**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

---

SUSAN ERICKSON, individually and
on behalf of Michael Erickson,

    Plaintiff-Appellant,

    v.

ALBUQUERQUE PUBLIC
SCHOOLS,

    Defendant-Appellee.

No. 98-2168

---

APPEAL FROM UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-96-1067-MV/RLP)

---

Maureen A. Sanders, Sanders & Westbrook, P.C., (Linda M. Vanzi, Vanzi &
Gagne, P.C., with her on the briefs), Albuquerque, New Mexico, for the appellant.

Michael L. Carrico, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque,
New Mexico, for the appellee.

---

Before **KELLY, HOLLOWAY,** and **BRISCOE**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

Susan Erickson, individually and on behalf of her son, Michael Erickson,

brought this action against the Albuquerque Public Schools ("the school district") for relief pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* [1] Erickson appeals the district court's determination that Michael was not entitled to compensatory education because the school district did not violate the IDEA and New Mexico stay-put provisions. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court.

## I.

Michael was 13 years old and in the seventh grade when this case began in 1995. He had been diagnosed with bipolar disorder and learning disabilities, which allowed him the protections of the IDEA. 20 U.S.C. § 1401(a)(1)(A)(i). The IDEA provides federal funds to the states for the education of children with disabilities, guaranteeing disabled children between the ages of three and twenty-one access to a free, appropriate public education (FAPE). 20 U.S.C. §§ 1400(c), 1412(1). A FAPE "emphasizes special education and related services designed to meet [the child's] unique needs." 20 U.S.C. § 1400(c). A student's needs in

---

[1] The IDEA was substantially amended in 1997. See Individuals with Disabilities Education Act Amendments of 1997, Pub. L. No. 105-17, 111 Stat. 37 (1997). The Amendments do not apply retroactively. Fowler v. Unified Sch. Dist. No. 259, 128 F.3d 1431, 1436 (10th Cir. 1997). Because the relevant events in this case occurred before the effective date of the amendments, we apply the pre-amendments version of the Act. Id. All citations within this opinion are to the pre-amendments version. We note that the IDEA provisions relevant to this appeal were not substantively changed by the amendments.

2

obtaining a FAPE are laid out in an individualized education program (IEP). 20 U.S.C. § 1401(a)(20). An IEP is a written statement developed in a meeting attended by the student's teacher, a special education professional, and the student's parents that summarizes the student's abilities, outlines goals for the student's education, specifies the services the student will receive to achieve those goals, and establishes criteria to evaluate the student's progress. Id.; 20 U.S.C. § 1414(a)(5).

Michael had received occupational therapy since he was in pre-school. In October 1994, his IEP provided for two hours of occupational therapy per week, without specifying the type of occupational therapy to be provided. One of the hours provided was hippotherapy, an occupational therapy involving horses. Michael's June 1995 IEP again provided for two hours of occupational therapy per week, with the type of occupational therapy not specified. [2] The June 1995 IEP was effective from August 1995 to June 1996. In September 1995, an IEP meeting was held in which the school district reduced Michael's occupational therapy to one hour per week and discontinued hippotherapy. [3] Erickson objected to the elimination of hippotherapy, but agreed to the reduction to one hour of

_____

[2] The June 1995 IEP also provided for eight sessions of hippotherapy during the summer. This specific provision ended July 31, 1995, so it is not relevant to this appeal.

[3] The IEP meeting was originally scheduled for August 1995, but was continued to September 1995.

occupational therapy per week. The school district immediately canceled Michael's hippotherapy.

Erickson requested a due process hearing, arguing the school district violated the IDEA by terminating hippotherapy, discontinuing hippotherapy during the pendency of the appeal, and failing to provide Michael with a FAPE. See 20 U.S.C. § 1415(b)(2) (providing for appeal to impartial hearing officer). The hearing officer found the school district violated the IDEA's stay-put provision, 20 U.S.C. § 1415(e)(3), by discontinuing hippotherapy during the pendency of the administrative proceeding. The hearing officer also found the school district failed to make an individualized decision regarding Michael's educational needs by predetermining that occupational therapy would be provided at school, rather than at an outside facility. Because of these violations, the hearing officer awarded Michael compensatory education of one semester of hippotherapy. The hearing officer found that the school district provided Michael with a FAPE.

The school district pursued an administrative appeal of the hearing officer's conclusions that the school district failed to make an individualized decision regarding Michael's educational needs, predetermined the occupational therapy to be provided, and violated the stay-put provision. The school district also appealed the award of compensatory education. See 20 U.S.C. § 1415(b),

4

(c) (providing for appeal from hearing officer). The administrative appeal officer found the school district's predetermination that Michael's occupational therapy would be provided at school did not violate the IDEA, because school districts can change the location of services. The appeal officer concluded the September 1995 IEP provided Michael with a FAPE and the school district did not violate the stay-put provisions, so Michael was not entitled to compensatory education.

Erickson then filed a civil complaint pursuant to 20 U.S.C. § 1415(e)(2), alleging the appeal officer erred in finding that the school district did not violate the stay-put provision, that the school district was not required to provide compensatory education, that the school district did not predetermine Michael's educational placement, and that Michael received a FAPE. The school district moved for summary judgment, arguing that it provided Michael a FAPE, that the elimination of hippotherapy was not a change in educational placement so the stay-put provision did not apply, and that Michael was not entitled to compensatory education.

The district court granted the school district's motion for summary judgment, adopting the findings of fact and conclusions of law of the appeal officer, with one exception not relevant to this appeal (involving payment of a psychologist for preparation and attendance at IEP meetings). The district court found the stay-put provision did not apply because elimination of hippotherapy

was merely a change in methodology of services, not a change in educational placement. The district court concluded Michael was not entitled to compensatory education because he was not denied a FAPE. Erickson appeals the determination that Michael was not entitled to compensatory education. Erickson does not appeal the district court's conclusion that the school district's provision of services to Michael complied with the IDEA's substantive requirement of a FAPE. [4]

## II.

We are reviewing the district court's grant of summary judgment to the school district. [5] Summary judgment is appropriate if "there is no genuine issue

---

[4] Erickson does argue that a procedural violation of the IDEA precludes a finding that the school district provided a FAPE. Erickson erroneously cites the Supreme Court's decision in Board of Education v. Rowley, 458 U.S. 176 (1982), as providing a two-part test to determine whether a school district has provided a student with a FAPE. The Court in Rowley set out two considerations for courts in suits under § 1415(e)(2). First, has the State complied with the procedures set forth in the Act?" Id.. at 206. "Second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?" Id. at 206-07. When both requirements are met, the court can require no more. Id. at 207. Although a failure to meet one of these considerations may result in court ordered relief, it does not preclude a finding that a school district provided a FAPE under the IDEA.

[5] Erickson contends the school district's motion was only for partial summary judgment. The school district's motion sought a determination that it provided Michael a FAPE, did not violate the stay-put provision, and Michael was not entitled to compensatory education. Although Erickson asserts that disputed facts remain, the relevant facts were undisputed: The school district

(continued...)

6

as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a challenge under the IDEA, the district court engages in a modified de novo review, in which it must "independently review the evidence contained in the administrative record, accept and review additional evidence, if necessary, and make a decision based on the preponderance of the evidence, while giving 'due weight' to the administrative proceedings below." Murray v. Montrose County Sch. Dist. RE-1J, 51 F.3d 921, 927 (10th Cir. 1995). We engage in de novo review of the district court's grant of summary judgment, applying the same standard as the district court. Id. at 927-28. We give due weight to the appeal officer's decision on the issues with which she disagreed with the hearing officer, unless the hearing officer's decisions involved credibility determinations and the record supports the reviewing officer's decision. O'Toole v. Olathe Dist. Schs. Unified Sch. Dist. No. 233, 144 F.3d 692, 699 (10th Cir. 1998). [6]

---

[5](...continued)
reduced the number of hours of Michael's occupational therapy, eliminated hippotherapy, and did not provide hippotherapy during the pendency of the administrative appeal. The school district's motion for summary judgment included all issues necessary to dispose of the action.

[6] The school district asks this court to depart from the standard enunciated in Murray and instead apply a clear error standard of review. However, one panel of this court may not overrule another panel, so the Murray standard applies. See United States v. Hargus, 128 F.3d 1358, 1364 (10th Cir. 1997), cert. denied, 118 S. Ct. 1526 (1998). Erickson contends the district court did not

(continued...)

7

*The Stay-Put Provision*

The first issue is whether the school district violated the stay-put provision by failing to provide hippotherapy to Michael during Erickson's appeal. Both the IDEA and New Mexico regulations contain a stay-put provision for the pendency of appeals of educational services. The IDEA provides that "during the pendency of any proceedings conducted pursuant to this section, unless the . . . agency and the parents . . . otherwise agree, the child shall remain in the then *current educational placement* of such child . . . ." 20 U.S.C. § 1415(e)(3)(A) (emphasis added). New Mexico Regulations provide that "[d]uring the pendency of any administrative or judicial proceeding regarding a hearing, unless the public agency and the parents of the child agree otherwise, the child involved in the hearing must have his or her *present delivery of services* continued." New Mexico State Bd. of Educ. Reg. 90-2, amend. 5, Section III (Q) (1994) (emphasis added). [7] Erickson contends the stay-put provisions required the school district to

---

[6](...continued)
apply the correct standard of review and summarily dismissed her complaint without explanation. The district court thoroughly detailed the facts of the case, acknowledged the appropriate standard of review, and stated it had reviewed the due process hearing record, the administrative appeal record, the briefs on summary judgment, and the relevant case law. The district court then adopted the findings of fact and conclusions of law of the appeal officer, with one exception. The district court sufficiently enunciated its reasoning for this court to review its decision.

[7] Effective September 30, 1997, the New Mexico stay-put provision no
(continued...)

8

continue providing two hours of occupational therapy per week, including one hour of hippotherapy, until her appeal was resolved. [8]

The stay-put provision does not apply when the parent and the school district agree to changes in the services previously delivered. Erickson agreed to a reduction from two hours to one hour of occupational therapy per week. Because the school district and Erickson agreed, implementation of the reduction of hours did not violate the stay-put provision. The issue is whether the cancellation of hippotherapy violated the stay-put provision. The district court and the appeal officer found hippotherapy was a treatment modality, not an educational placement or service delivery provision.

The purpose of the stay-put provision is to prevent school districts from "effecting unilateral change in a child's educational program." Susquenita Sch.

---

[7](...continued) longer contains the term "present delivery of services." The regulation now follows the language of the IDEA and provides that "[d]uring the pendency of any administrative or judicial proceeding(s) governed by this regulation, the child must remain in his or her *present educational placement* unless the parent and the public agency agree otherwise or unless ordered by a hearing officer or court." New Mexico State Bd. of Educ. Reg., § 10.11 (emphasis added).

[8] Erickson signed the September 1995 IEP, but objected on the form to the "delivery model for OT." The parties have not argued whether this had the effect of making the September 1995 IEP entirely effective or whether the June 1995 IEP continued in effect for failure of the parties to reach an agreement in September. However, the outcome is the same whether we consider the June 1995 IEP or the September 1995 IEP as determinative of Michael's current educational placement or present delivery of services because both provide for occupational therapy, without specifying a type of occupational therapy.

9

Dist. v. Raelee S., 96 F.3d 78, 83 (3d Cir. 1996) (quotation omitted). The IDEA does not define "current educational placement" but some courts hold that the dispositive factor is the IEP in place when the stay-put provision is invoked. See id. (quotation omitted). Although Erickson agreed to a reduction of occupational therapy to one hour, she did object to the elimination of hippotherapy. The IEP provided for occupational therapy, but did not specify the providers or modalities. The elimination of hippotherapy, when occupational therapy was still provided, would not contravene the IEP.

Other circuits use a fact-driven approach in stay-put cases, defining educational placement as "something more than the actual school attended by the child and something less than the child's ultimate educational goals." Board of Educ. of Community High Sch. Dist. No. 218 v. Illinois State Bd. of Educ., 103 F.3d 545, 549 (7th Cir. 1996). Looking at the facts, the school district continued to provide Michael with occupational therapy aimed at the goals listed in Michael's IEP. An educational placement is changed when a fundamental change in, or elimination of, a basic element of the educational program has occurred. Sherri A.D. v. Kirby, 975 F.2d 193, 206 (5th Cir. 1992). The school district continued to provide Michael with occupational therapy. Although in a different form than hippotherapy, the therapy was intended to address the same therapy issues as hippotherapy without changing a basic element of Michael's educational

10

program. The school district did not violate the stay-put provision by discontinuing hippotherapy while continuing to provide occupational therapy.

Erickson then argues the "present delivery of services" language in the New Mexico stay-put provision is broader than the IDEA stay-put requirement. "'State standards that impose a greater duty to educate disabled children, if they are not inconsistent with federal standards, are enforceable in federal court under the IDEA.'" Fowler v. Unified Sch. Dist. No. 259, 128 F.3d 1431, 1438 (10th Cir. 1997) (quoting Seattle Sch. Dist. No. 1 v. B.S., 82 F.3d 1493, 1499 n.2 (9th Cir. 1996)). This issue presents a question of statutory interpretation to which we apply a de novo standard of review. See Mrs. B. v. Milford Bd. of Educ., 103 F.3d 1114, 1122 (2d Cir. 1997) (stating that "the 'due weight' we ordinarily must give to the state administrative proceedings is not implicated . . . because . . . the proper interpretation of the federal statute and its requirements" concerns an issue of law). Erickson offers no evidence of legislative intent to support her proposition that the New Mexico provision was intended to create greater protection than the IDEA.

The New Mexico regulations do not define "present delivery of services" or "services." The New Mexico regulations do require an IEP to contain "a statement of the specific special education and related service(s) to be provided to the child." New Mexico State Bd. of Educ. Reg. 90-2, amend. 5, Section

11

IV(B)(G)(3) (1994). "Related services" are those services determined during the IEP meeting as "required for a child with a disability to benefit from special education," and include occupational therapy.     Id. at Section I(AA). The New Mexico stay-put provision required the school district to maintain the present delivery of services. Michael's present delivery of services, as determined in his IEP, was one hour of occupational therapy; his IEP did not specify hippotherapy as necessary for him to benefit from special education. The school district continued providing occupational therapy during the pendency of the appeal and did not violate the New Mexico stay-put provision.

*Individualized Placement Decision*

The second issue we face is whether the school district made an individualized placement decision concerning Michael. Erickson contends that before the September 1995 IEP meeting, the school district decided to provide occupational therapy only at the school and predetermined that it would decrease the amount of Michael's occupational therapy and eliminate hippotherapy. Erickson raised this issue in her civil complaint, but the school district did not seek summary judgment on whether it had provided an individualized placement decision. However, the school district argued, and the district court found, that compensatory education is not an appropriate remedy for a procedural violation of the IDEA. The appeal officer found the school district predetermined that it

12

would end hippotherapy, but did not predetermine the amount of occupational therapy. The ultimate issue is whether a failure to provide an individualized placement decision is remediable by an award of compensatory education.

*Compensatory Education*

The district court properly found that compensatory education is not an appropriate remedy for a procedural violation of the IDEA. In cases where the challenged IEP is ultimately found to be appropriate, parents cannot be reimbursed for any interim period in which their child's placement violated the stay-put provision. School Comm. v. Department of Educ., 471 U.S. 359, 374 (1985); Carlisle Area Sch. v. Scott P., 62 F.3d 520, 537 (3d Cir. 1995). In Urban v. Jefferson County School District R-1, this court found a school district's failure to comply with statutory IEP content requirements did not amount to a substantive deprivation, so there was no violation of the student's right to a FAPE. 89 F.3d 720, 727 (10th Cir. 1996). This court then concluded that the student was not entitled to compensatory education in the absence of a violation of his right to a FAPE. Id.

"Appropriate relief is relief designed to ensure that the student is appropriately educated within the meaning of the IDEA." Parents of Student W. v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1497 (9th Cir. 1994). Erickson does not contend Michael's September 1995 IEP was deficient, nor does she appeal

13

the hearing officer's determination that hippotherapy was not necessary to provide Michael a FAPE. The award of compensatory education is not an appropriate remedy for a failure to provide an individualized determination when the school district provided the student with a FAPE. See Miener v. Missouri, 800 F.2d 749, 753 (8th Cir. 1986) (finding compensatory education was necessary to secure the student's right to a FAPE).

## III.

Erickson's request for attorney fees is DENIED. The judgment of the district court is AFFIRMED.