FILED
United States Court of Appeals
Tenth Circuit

June 16, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAMONA SMITH,

    Plaintiff - Appellant,

v.

CHEYENNE MOUNTAIN SCHOOL
DISTRICT 12,

    Defendant - Appellee.

No. 14-1467
(D.C. No. 1:14-CV-02651-PAB-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Ramona Smith, mother of R.S., a child with Autistic Spectrum Disorder,

appeals the preliminary injunction entered on her claims brought under the

Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-82.

Although the district court granted her alternative request that R.S.'s school

placement be at the Cheyenne Mountain Charter Academy (CMCA) under the stay-

put provision of the IDEA, she asserts that the court erred in denying her preferred

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

request that the defendant, Cheyenne Mountain School District 12 (School District) pay for private-school placement for R.S. pending the conclusion of administrative proceedings. This court abated the appeal until the district-court proceedings had concluded. We take jurisdiction under 28 U.S.C. §§ 1291 (appeal from a final order) and 1292(a)(1) (appeal from the grant of a preliminary injunction). We affirm.

## I. Background

The facts forming the basis for the district court's stay-put order are undisputed. R.S. resides in the Falcon School District. In 2013, Ms. Smith enrolled him in kindergarten at CMCA, pursuant to Colorado's school-choice law. CMCA is within the School District. Upon his enrollment at CMCA, the staff determined that the Individual Education Program (IEP) developed by the Falcon School District was inadequate, so in November 2013, a new IEP was agreed upon. That IEP was revised in May 2014 (May 2014 IEP), and listed CMCA as R.S.'s school of attendance.

In July 2014, CMCA informed Ms. Smith and R.S.'s father that it would not readmit R.S. to CMCA for the 2014-2015 school year because it did not have adequate staff to carry out R.S.'s IEP. On July 16, 2014, R.S.'s parents filed a due-process complaint with the Colorado Department of Education, claiming the School District violated the IDEA. *See Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1236 (10th Cir. 2009) (citing 20 U.S.C. §§ 1415(b)(6), (g), & (i)(2); describing IDEA procedures to file a complaint and appeal an administrative decision). Those proceedings were assigned case number EA 2014-0018. On August 8, 2014, an administrative law judge (ALJ) denied the

2

request to enroll R.S. at CMCA because there had been an insufficient showing that R.S.'s home school district could not implement his IEP. On September 23, the ALJ issued a final decision.[1]

On September 25, 2014, Ms. Smith filed the underlying federal action seeking a ruling under the stay-put provision of the IDEA that the School District pay for private schooling for R.S. In the alternative, she requested an order finding that CMCA was R.S.'s then-current placement, thereby mandating that CMCA fulfill R.S.'s IEP while the litigation is pending. The district court issued a preliminary injunction requiring R.S. to be enrolled at CMCA and to remain enrolled there throughout any appeal from the ALJ's ruling or, if none, for 90 days from the date of the ALJ's decision. The court denied Ms. Smith's request for private-school funding.

Ms. Smith appeals, arguing that the district court should have granted her request that the School District be required to pay for private schooling for R.S. She asserts the district court erred in determining that CMCA was R.S.'s then-current placement.

## II.     Discussion

The IDEA "is a Spending Clause statute that seeks to ensure that all children with disabilities have available to them a free appropriate public education [FAPE]." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 51 (2005) (citation and internal quotation marks omitted). The act requires school districts to "create an . . . IEP for

---

[1] Ms. Smith has appealed the administrative decision to the district court. *See Smith v. Cheyenne Mountain Sch. Dist.*, No. 14-cv-03390.

each disabled child." *Id.* (citing 20 U.S.C. § 1414(d)). "The IEP is a written statement that sets forth the child's present performance level, goals and objectives, specific services that will enable the child to meet those goals, and evaluation criteria and procedures to determine whether the child has met the goals." *Miller*, 565 F.3d at 1236 (internal quotation marks omitted).

If a parent believes her child "is not being provided a FAPE in the least restrictive environment, [she is] given 'an opportunity to present complaints with respect to any matter relating to the . . . educational placement of the child, or the provision of a free appropriate public education to such child.'" *Id.* (quoting 20 U.S.C. § 1415(b)(6)). While administrative procedures are pending, the stay-put provision requires a child to remain in his or her "then-current educational placement." 20 U.S.C. § 1415(j).[2]

This provision serves "in essence, as an automatic preliminary injunction." *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 118 (3d Cir. 2014) (internal quotation marks omitted). Accordingly, "[o]nce a court ascertains the student's current educational placement, the movants are entitled to an order maintaining that placement without satisfaction of the usual prerequisites to injunctive relief." *Id.* (brackets and internal quotation marks omitted); *see also D.M. v. N.J. Dep't of Educ.*, 801 F.3d 205, 211 (3d Cir. 2015) ("The usual prerequisites to injunctive relief are not required."

---

[2] Section 1415(j) provides: "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . ."

4

(internal quotation marks omitted)).  Here, the underlying operative facts are not in dispute.  Thus, we review de novo the district court's determination of R.S.'s stay-put placement.  *See D.M.*, 801 F.3d at 211 (reviewing de novo "the application of the 'stay-put' rule to a given set of facts"); *AW ex rel. Wilson v. Fairfax Cty. Sch. Bd.*, 372 F.3d 674, 677 (4th Cir. 2004) ("This Court reviews the district court's interpretation of the IDEA *de novo*."); *cf. Sytsema ex rel. Sytsema v. Acad. Sch. Dist. No. 20*, 538 F.3d 1306, 1311 (10th Cir. 2008) (in reviewing a final administrative decision under the IDEA, federal courts apply a "modified de novo review standard," which assumes the ALJ's factual findings are "*prima facie* correct" (internal quotation marks omitted)).  We emphasize that our review is limited to the district court's October 17, 2014 order granting in part a preliminary injunction, which was based on the court's determination of R.S.'s stay-put placement and which requires R.S.'s educational placement to remain at CMCA until the related administrative proceedings have concluded.

The IDEA does not define "educational placement."  *Erickson v. Albuquerque Pub. Sch.*, 199 F.3d 1116, 1121 (10th Cir. 1999).  This circuit has recognized that in some cases "the dispositive factor is the IEP in place when the stay-put provision is invoked," while in others, "a fact-driven approach" is appropriate whereby educational placement is defined as "something more than the actual school attended by the child and something less than the child's ultimate educational goals."  *Id.* (internal quotation marks omitted); *see also N.D. ex rel. Parents Acting as Guardians Ad Litem v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1116 (9th Cir. 2010) (holding "a

change in educational placement relates to whether the student is moved from one type of program—i.e., regular class—to another type—i.e., home instruction [or] . . . when there is a significant change in the student's program even if the student remains in the same setting"); *Drinker ex rel. Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 867 (3d Cir. 1996) (stating the "dispositive factor in deciding a child's 'current educational placement' should be the [IEP] actually functioning when the 'stay put' is invoked." (internal quotation marks omitted)).

Although R.S. was not attending CMCA at the time of the hearing on the stay-put motion, the IEP in place at that time was the May 2014 IEP, which listed CMCA as his school of attendance. In addition, R.S. had attended CMCA the previous school year for kindergarten. Although Ms. Smith contends that R.S. is entitled to a proper placement at an unidentified private school, transferring him to a new school (without any showing that the new school could implement the IEP) would not comply with the stay-put provision. We conclude that R.S.'s stay-put placement was CMCA. Consequently, the School District is not required to fund a private-school placement for R.S.

Therefore, upon de novo review, we affirm the preliminary injunction requiring the School District to maintain R.S.'s educational placement at CMCA during the pendency of administrative proceeding No. EA 2014-0018. We also affirm the court's denial of Ms. Smith's alternative claim for private-school funding.

6

**III.  Conclusion**

The district court's order granting in part and denying in part Ms. Smith's motion for a preliminary injunction is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge